**Dalby v. A.C. Railroad Service Co.**

C.P. of Allegheny County, no. GD 98-15876.

*Richard J. Joyce,* for plaintiff.

*Michael J. McShea,* for defendant A.C. Railroad Service Co.

*David M. McQuiston,* for defendant United American Sales Inc.

*Judith A. Moses,* for defendants Dayco Products Inc., Dayco Industrial Products Inc. and Mark IV Industries Inc..

*John V. DeMarco,* for defendant Vince's Gas & Welding Supply Co. Inc.

*Edmond R. Joyal Jr.,* for defendants OKI Bering and OKI Supply Co.

FRIEDMAN, *J.,* February 10, 2000—

## INTRODUCTION

Plaintiff was injured in a blowtorch accident at work. He has sued various entities for negligence and other torts. Defendant A.C. Railroad Service Company, plaintiff's employer, has filed preliminary objections to Count XXI, which seeks damages based on the employer's mishandling of the oxygen hose to the blowtorch. After considering the arguments of counsel and the material facts applicable to Count XXI, the court has concluded that the employer's preliminary objections must be overruled without prejudice to its right to raise the issue again in a motion for summary judgment if the evidence shows that the employer was merely negligent, and did not intentionally dispose of the evidence in question.

## FACTS ALLEGED IN COMPLAINT

According to defendants' summary of the complaint's allegations, the following facts are pled regarding

plaintiff's cause of action against his employer for spoliation of evidence:

(1) At all times relevant hereto, the plaintiff was an employee of A.C. Railroad Service Company. See complaint at paragraph 10.

(2) Plaintiff makes his claims against ACRS as a result of an incident that occurred on October 10, 1996 while the plaintiff was performing demolition work at the Greater Pittsburgh International Airport.

(3) According to plaintiff's complaint, he was using a blowtorch with a twin line supply hose and was seriously injured when oxygen leaked from a hole in the hose.

(4) Count XXI of plaintiff's claim is a claim against ACRS titled "Spoliation of evidence," whereby plaintiff avers that after plaintiff's accident, ACRS employees and agents took possession of the hose, inspected the hose and discovered a hole in the hose where the hose connects to the torch.

(5) Plaintiff next maintains that A.C. Railroad disposed of the hose in violation of a legal obligation to preserve the hose.

(6) The plaintiff demands compensatory damages from A.C. Railroad for the impairment to plaintiff's ability to prove the allegations set forth in his lawsuit.

The crucial fact, which is for the fact-finder, and not the court via preliminary objections, is whether the employer acted negligently or intentionally when it discarded the hose, knowing that the hose had a hole in it and also knowing that the accident and injury occurred as a result of oxygen leaking from a hole in the hose.

The reason the employer's motivation is crucial and bears further inquiry is that there is, in all likelihood, no

cause of action for *negligent* spoliation of evidence. For example, in *Elias v. Lancaster General Hospital,* 710 A.2d 65 (Pa. Super. 1998), discussed by defendants in their supplemental brief, pp. 3-4, a hospital was found to have no duty to preserve pacemaker wires that had lodged in the plaintiff's heart as a result of a fall. However, if they had lodged as a result of a clearly dangerous defect obvious to the doctor or agents of the hospital (analogous to the hole in the instant torch's oxygen hose in the instant case), the result might very well have been different.

As this court indicated in *M.L. v. Pittsburgh,* GD 94-20632 (C.P. Allegheny Cty. Nov. 29, 1995), a cause of action will lie for the intentional destruction of evidence whether for purposes of self-protection from blame or for the protection of others who may be at fault from the consequences of their wrongful conduct. Similarly, if the post-accident conduct of the employer was intentional, the bar of the Workers' Compensation Act would not apply to the count for spoliation.

The facts pled and the possible inferences therefrom (which must be made in favor of plaintiff at this early stage of the case) could, if true, support a jury finding that the employer *intended* to lose the hose: the employer *supplied* the oxygen hose; the oxygen hose had a hole; leaking oxygen near a blowtorch is well-known to be highly dangerous; after the accident, the employer discovered the hole; employers are required by OSHA regulations to provide safe equipment to their employees and are subject to sanctions if they do not; liability or workers' compensation insurance rates can go up depending on claims filed. In short, there are many reasons why the spoliation might be found to have been intentional rather

than negligent. It would be improper, therefore, to sustain the employer's demurrer. See order filed herewith.

## ORDER

And now, to-wit, February 10, 2000, the preliminary objections of defendant A.C. Railroad Services Company are overruled for the reasons set forth in the attached memorandum in support of order.